UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS, TEXAS

FILED
NOV - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

RICHARD MUKETE MUKUM
A76952753 Rolling Plains Det. Center
POB 877, Haskell, TX 79521
Petitioner, Pro Se

V.

Alberto Gonzales, U.S. Attorney General.
Micheal Cheratoff,
Secretary of Department of homeland Security
Respondent.

§
§
§
§ Civil Case Number
§
§
§ :_____
§

CASE NUMBER  1:06CV01867
JUDGE: Unassigned
DECK TYPE: Habeas Corpus/2255
DATE STAMP: 11/01/2006

Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C §2241 and Memorandum of Law.

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now, Richard Mukete Mukum Petitioner pro-se in the above numbered and styled cause and hereby petitions this United States District Court for a writ of Habeas Corpus to remedy his unlawful detention, and to enjoin his continued unlawful detention by the department of Homeland Security (DHS). This restraint on Petitioner's Liberty is in Violation of the Constitution and laws and treaties of the United States for the reason that this detention is without

RECEIVED
OCT 0 4 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1

1

a normal basis, and is meant to punis petition rather than to secure his deportation should that ever be feasible. The Respondents Continue to detain the petitioner since March 6th 2006 By detaining him for over one hundred and Eighty days without removing him or releasing him, the respondents has violated the rules set by the Supreme Court in <u>Zadvydas</u>, 121 S.ct 2491 (2001), <u>Clark v. Martinez</u>, 125 S.ct. 716, and <u>Benitez v. Rozos</u>, 125 S.ct. 711

I. VENUE

Venue lies in the northern district of Texas in Dallas because the department of homeland security Located in Dallas Texas Continues to detain petitioner. And the decision to detain petitioner originated from Dallas, no one in Haskell Texas has the authority to Release Petition from Costudy.

II. STAMENT OF FACT.

Your Petitioner entered the United States August 17th 1987 Via J.F.K. New York and resided in Tennesee by F1 Visa (Student) Petitioner attended College in Nashville TN. and worked at wall mart from 1988 - 1993

page 2.

His Cameroonian passport was seized by officials from INS in Nashville and they had no grounds of doing that because the INS came to his resident to look for some one else who resided with petitioner at the time, since the said person whom they where looking for wasn't at his resident at the time the INS then took petioner's passport and never returned it Seven years later while petitioner was arrested by the Marrieta Georgia County and given probation for forgery The INS in atlanta took petioner in their Costudy and was ordered deporte in the year 2000

At the time INS had lost the passpor in their TX. office so they went ahead and send a fraudulent passpor to petitioner's embassey and the embassey did not have any legitimacy document authentic enough to issue a travel document for petitioner, who then filed a writ of heabseas corpus in the district courts of Alabama and his motion was granted Petitioner was released in 2001 and resided in Dallas TX.

while in Dallas, petitioner had complied to all the conditions of supervised release by most importantly reporting as requested by the INS, and providing evidencial facts to ICE. That he has been trying to obtain a travel document from his embassey.

November 2005 Petitioner was arrested by the Tarrent County for a misdemeanor of possession of fraudulent document (I.D) after obtaining a 4 months time serve plea from the County, The INS took petitioner into its costudy again. his crime of 4 months County time served was not an agravated felony as considered by INS but was still taken into costudy by ICE, and said he has violated his supervised released status by geting arrested. This happened on Marche 6th 2006. Petitioner remains imprisoned by the DHS in a Concentration Camp in Haskell Texas. He remains without hope that he either will be deported or be released from Custody. This restraint on petitioner's Liberty is in violation of the Constitution and laws and treaties of the United States because this detention is without a rational basis and its meant to punish him rather than secure his

deportation because after 6 years of trying to deport petitioner it has never been any how feasible.

III. PLEA FOR LIBERAL CONSIDERATION.

Petitioner respectfully request that this Honorable Court grant him Liberal Consideration pursuant the Mandates of <u>Haines V. Kerner</u>, 404 US 519, 520 (1972) (Pro-se Complaint held to less stringent standards than formal papers drafted by lawyers) <u>US v. Mosquera</u> 845 F. 2d 112, 1124-25 (1st Cir. 1988) holding "Pro Se allegations not unduly Conclusory in light of petitioner's pro se status"; district Court denial of 2255 motion vacated and remanded for further proceedings".

Petitioner has very little access to the prison Law Library. He has a very limited knowledge of the law. Here, Petitioner Richard Mukete Mukum's case has merits and the nature of the factual issues raised in the claims is Complex. The litigant ability to present his case or Claim diminishes because his knowledge of the law is limited. See Long v. Shillinger, 927 F. 2d 525, 527 (10th Cir. 1991), Rucks, 57 F. 3d at 979 "If the Plentiff has a colorable claim then the district court should Consider the nature of the factual issues and the ability of the Plentiff to investigate the

crucial facts (Quotation omitted.)

Petitioner further request that this Honorable Court appoint Council in the above Captioned case because such apointment is warranted, because of the Complexity of his case and the exceptional Circumstances that exist to warrant such appointment. See Akasike V. Fitzpatrick, 26 F 3d 510, 512 (5th Cir. 19

## IV. EXHAUSTION OF REMEDIES

Petitioner has exhusted his administrative remedies to the extent required by law, and his only remedy is by way of this judicial Court.

Petitioner has cooperated with the Respondent for Five Years; in, out, and back in Costudy to execute the removal Order. He has submitted the required aplication and documents for a travel document to ICE and to his embassey to obtain a travel document.

Petitioner is now in Limbo as he remains detained beyond the Six month period See Zadvydas, 533 U.S., at 713-714 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001). Clark V. Martinez, 125 S. Ct. 716, and Benitez V. Rozos 125 S Ct. 716

The Supreme Court has held that aliens can be detained beyond the statutory 90-day removal period only for a period reasonably necessary to bring about that aliens removal from the United States. "Zadvydas v. Davis. 121 S. Ct. 2491; 2498 (2001) Detention for up to six months after the removal order becomes final is "presumptively reasonable". Petitioner was deported 6 (six) year ago and released under supervision.

If this Honorable Court determines that petitioner Richard Mukam's removal is not "reasonably forseeable" then this Court should order Respondent to reinstate petitioners conditions of supervised release. that are apropriate in the circumstances.

VI. PETITIONER detention not authorized by Statute:
To date, Respondent has been unable to remove the Petitioner and he has cooperated fully with the service for 5 years in an effort to remove him from the United States. Petitioner who is now caught and put back into ICE Costudy, exusted all his administrative remedies to extent required by law
Petitioner whose pasport was seized without right Cause in Tennesse in 1993 was taken to the "INS" Costudy in the Year 1999, and the INS fraudulently sent copies of some one elses Cameroonian pasport to his embassey

## V. PROCEDURAL DUE PROCESS VIOLATION

Under the Due process Clause of the United States Constitution, an "alien" is entitled to a timely and meaningful opportunity to demonstrate that he should not be detained. The petitioner in this case has been denied that opportunity. Respons have violated their own regulations by failing to acknowledge or act upon the petitioner's administrative request for release in a timely manner. Pursuant to 8 C.F.R. § 241.13(e)(I)

Furthermore, there is no Administrative Mechanism in place for the Petitioner to ~~demand~~ a decision, ensure that a dicition will ever be made or to appeal a Custody decision ~~that~~ violates <u>Zadvydas</u> and the International Treaty obligations of which the United States of America is a signatory. <u>See</u> the Geneva Convention Treaty, The International Covenant on Civil and Political Rights, Dec. 16, 1966, 999 U.N.T.S. 171, art 9, P4 "Anyone who is deprived of his Liberty by arre or detaintion shall be entitled to take proceedings before a Court, in order that a Court may decide without delay on the lawfulness of his detention" --- a ~~Substitute~~ Statute that permits indefinate detention of an alien would raise a Serious Constitutional problem.

Petitioner had caught up with the fake copies of pass port pages which he then used as exibit to rebut INS's case against him in the district court of Alabama in the year 2001 Petitioner's motion to a writ of habeas corpus was granted by the Alabama honorable Court and he was released 2001 under supervision

On March 2006 Petitioner was brought back to I.C.E. Costudy for violation of supervised release. For reasons that Petitioner was arrested and detained in a County jail for a period of 4 months which does not fall under "agravated fellowey" by DHS laws. Petitioner while detained has complied with the respondent for over 6 months to effect his removal. Petitioner request this Honorable Court to declare the indefinite detention illigal and to order I.C.E. to deport him or reinstate his release under supervison because, his detention by I.C.E. is no longer Authorized by Statutes pursuant to Zadvydas, see also Demore V. Kim 123 S ct. 1708 (2003). Petitioner has been in the physical Custody of respondents for over six months

District courts around the nation have emphasised the illegality of the detention beyond the 90 days to 180 days period unless the Government has a realistic chance of

deporting the alien. Here the "DHS" Failure to deport petitioner within a reasonable time as required by law is beyond the reasonable time allowed by the Court in Zadvydas. And more importantly the most recent Supreme Court Ruling in Benitez v. Rozos and Clark v. Martinez 125 S. Ct. 716 (2005).

Petitioner's detention is now beyond what the law authorizes and is therefore contrary to laws of the United States.

The Supreme Court in Zadvydas indicated that Congress' power with respect to aliens" is subject to important Constitutional limitations" Id. The Court drew support from its earlier decision in INS v. Chadha, 462 U.S. 919 (1983), which emphasized that Congress must choose "a Constitutionally permissible means of implementing" its plenary power over aliens and that Congress can exercise that power only if it "does not offend some other Constitutional restrictions" Id at 941. Zadvydas. Respondents are unlikely to remove petitioner within a reasonable period and as a result, Petitioner's detention becomes punitive in nature and unauthorized by the rules and laws of the United States. Petitioner cannot continue to be detained by the Respondents because of their own short comings. Petitioner Richard Mukum has complied in every aspect to affect his removal from the U.S.A

## VII. CONCLUSION

Petitioner respectfully implore the Court to take guidance from <u>Zadvydas</u>, in which the Supreme Court addressed detention of aliens under 8 U.S.C. §1231(a)(6). That section Authorises the attorney General to detain Certain Categories of aliens who have been found removable after the expiration of the 90 days removal period has passed. Before <u>Zadvydas</u>, Aliens who had been found removable were being detained indefinitely under the statute just as Petitioner in this case.

Respondent cannot continue to detain the petitioner who has complied in all aspects to effect his removal. As the Supreme Court stated that if removal is not reasonably foreseeable, the Court should hold continued detention unreasonable and no longer Authorised by Statute.

## VIII. PRAYER:

WHEREFORE PREMISES CONSIDERED Petitioner Richard Mukete Mukum, respectfully request this honorable Court to hold that this indefinite detention is unconstitutional, and release him from this arbitrary Capricious and illegal detention. Petitioner prays that Honorable Court will grant his request, and:

1. Assume Jurisdiction over this matter.
2. Issue a writ of Habeas Corpus

3. Declare Richard Mukum's continued detention in a prison unconstitutional as applied in the instant case.

4. Declare Richard Mukum's detention at Rolling Plains Detention Center with Prisoners from Wyoming illegal and punitive and order Richard Mukum's immediate release.

5) An Order enjoining Respondents continued detention that is now over the 180 days requirement.

6) Grant any such further relief as this court deems just and proper.

SO MOVED AN PRAYED.

IX. STATEMENT UNDER OATH:

I Richard Mukete Mukum, Petitioner Pro-se, hereby state under penalty of perjury that the above statements are true and correct to the best of my knowledge. Any documents attached to this petition are accurate copies of the original document and ~~that~~ true to the best of my knowledge.

Respectfully Submitted,
Richard Muk—

Dated September 28th 2006.
RICHARD MUKETE MUKUM.
A# 76952 753
Rolling Plains Detention Center
118 County Road #206
Po Box 877 Haskell TX. 79521

EMBASSY OF THE REPUBLIC OF CAMEROON
2349 MASSACHUSETTS AVENUE, N.W.
WASHINGTON, D.C. 20008

AMBASSADE DE LA REPUBLIQUE DU CAMEROUN
(202) 265-8790 - FAX: (202) 387-3826
E-MAIL: CDM@AMBACAM-USA.ORG

DEMANDE DE PASSEPORT - APPLICATION FOR PASSPORT
(Décret N°60-264 du 31 Décembre 1960)

Je soussigné(e)
I, the undersigned  RICHARD MUKETE MUKUM
Né(e) le
Date of birth  10-18-65  à at  MUYUKA
Fils ou Fille de
Son or Daughter of  FRITZ MUKUM and SERAH
Et
and  MUKUM

PHOTO

Profession
Profession  MUSICIAN   Employeur Employer  SELF   Tel. 214 553 7603
Adresse domicile
Home Address  11600 AUDELIA RD   Tel. 214 553 7603
N° Apt
Apt N°  148   Ville City  DALLAS   Code Postale Zip Code  75243   Etat State  TX

Titulaire de la Carte Nationale d'Identité N° :
Bearer of National Identification Card N°  None
Carte Consulaire N°
Consular ID Card N°  None

Délivré le :
Issued on
Du :
Issued on

. DECLARE SUR L'HONNEUR N'AVOIR NI ACQUIS NI SOLLICITE UNE AUTRE NATIONALITE
I HEREBY DECLARE THAT I HAVE NEITHER ACQUIRED NOR APPLIED FOR ANY OTHER NATIONALITY.

. A L'HONNEUR DE SOLLICITER LA DELIVRANCE, PROROGATION, LE RENOUVELLEMENT (1) D'UN PASSEPORT CAMEROUNAIS EN MA FAVEUR.
I AM HEREBY REQUESTING THE DELIVERANCE, EXTENSION, RENEWAL (1) OF CAMEROONIAN PASSPORT IN MY FAVOR.

Motif :
Reason for request :
. Passeport perdu
  Lost passport (2)
. Passeport périmé
  Expired passport (2)
Numéro dudit passeport
Passport N°  _____   délivré le issued on  1987   à at  Yaounde
Autre raison à préciser
Other reason to be stated  INS IN TENESSEE TOOK IT FROM ME 1992-93

. Ma signature engage ma responsabilité et m'expose en sus de poursuites prévues par la loi en cas de fausse déclaration, à me voir refuser tout passeport à l'avenir.
. I hereby certify engage that the information furnished by me on this application is true and complete to the best of my knowledge and belief. I understand any material omission or misrepresentation may result in rejection of my application and/or any administrative or legal action.

Richard Muk
Signature

04-18-2006
Date

06 1867

RESERVE A L'ADMINISTRATION (FOR OFFICIAL USE ONLY)

FILED
NOV - 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# ICE Inquiry Form

Check one: Dallas case: **X**   Big Springs Case: _____

Name: RICHARD MUKETE MUKUM
Other names used: HANS OROCK
Immigration Number: A#: 76952753     Cell Number: A-4
Date of birth: 10-18-65     Country of birth: CAMEROON
Have you ever been deported before? Yes   Advised by your Consulate? No
Do you have a birth certificate, passport or documents to travel? Birth certificate copy
If yes, where are the documents? In INS FILE
Date of when came to the custody of immigration: 03-07-06
Place of where you came into the custody of immigration (prison, arrested by immigration in the job) Tarrant County Jail
List all prior criminal offenses, beginning with the most recent: Fraud misdeminor, Forgery Fel.

Do you have an attorney? No     What is your bond amount? None
Have you been to court? No     If yes, when? _____
Have you been ordered deported from the United States? Yes
Did you appeal your case? No     If yes, when? _____
Do you wish to return to your country of citizenship? Yes of course
Questions/Comments: I need to talk to Mr. Kingury face to face as to understand things any deportation officer would have explained since shes been out of town. I need to contact my country embassy also since i cant contact them until now I have been waisting calling card money and all the time calling and no respond please i need some face to face with mr. Kingury. Thank you

Signature: Richard Muke     Date: 03-21-06

**RESPONSE:**
The Embassy at Cameroon is requiring original identification document before they issue any travel documents for you. This information was forwarded from Dallas. I have been unable to make contact with you consulate myself. I am attaching a list of free phone numbers for you. If your consulate does not respond there is nothing I can do about it.

Signature: _____     Date: 3-22-06

Exhibit 3

# REQUEST FORM

Name: RICHARD ANUKUM    Date: 04-12-06

#: 76952753    Tank: 04

Please Check the correct box

| | | |
|---|---|---|
| Warden | Food Services | Prog. Manager |
| Asst. Warden | Grievance | Case Manager |
| Chief | Laundry | Recreation |
| Phone Services | Property | Library |
| Commissary | Mail Room | ICE Video Conference |
| Chaplain | Intake | Shift Lt.'s |
| MR. KINGURY | | |

Write Request Here

Cameroon

Please Mr. Kinjury

I need to fax some documents to Ken the INS in Dallas and my embassy in Washington DC. I net wish you make this an emergency so I can do this as soon as tomorrow.

Thank you for cooperating

For Official use only, Do Not Write below this line

Officer:    Date:
Reply: Handled by Case Mgr. Moore
4-13-06

Office unable to fax on above date

EXIO" 7 Y
# REQUEST FORM

NAME: RICHARD McKim    DATE: 04-25-2006    TANK: 8 Y

#: 7695273

| Please Check the correct box | |
|---|---|
| Warden | Food Services |
| Asst. Warden | Grievance |
| Chief | Laundry |
| Phone Services | Property |
| Commissary | Mail Room |
| Chaplain | Intake |
| | Prog. Manager |
| | Case Manager |
| | Recreation |
| | Library |
| | ICE Video Conference |

Write Request Here  MR. KINGERY

Dear Sir; You OFFERD ME A PHONE CALL TO
SOME ONE WHO CAN CONTACT MY EMBASEY FROM
THE OUTSIDE BUT HE WAS ON AN EMERGENCY
SITUATION AND COULDNT TALK, SO
YOU PROMISED ME TO CONTACT YOU THIS
WEEK, I HOPE I CAN MAKE ONE MORE
I REALY NEED OUT OF HERE TO MY
COUNTRY THANK YOU FOR COOPERATING

Richard McKim —

FOR OFFICIAL USE ONLY, DO NOT WRITE BELOW THIS LINE

Officer:                                    Date:
Reply:

As of 4-26-06 Mr Lawrence at the
Embassy is still processing. The application.
I notified up today + will be notified
the office tomorrow.

[signature] 5-1-06

EXHIBIT A5

# REQUEST FORM

Name: RICHARD MUKWUM  Date: 06-28-06  Tank#:

Please Check the correct box

| | | |
|---|---|---|
| Warden | Food Services | Prog. Manager |
| Asst. Warden | Grievance | Wyo Case Manager |
| Chief | Laundry | ICE Case Manager |
| Phone Services | Property | Recreation |
| Commissary | Mail Room | Library |
| Chaplain | Intake | ICE Video Conference |
| Property Approval | Shift Lt.'s | Wyo Contract Monitor |

# 7695255

Write Request Here  MR. KINGSLEY

Put your cell # on the form

Dear Sir,

How is your day? Hope fine. Sir I have written several requests so I can talk to some one in my embassy directly and I have had no respond. I do not check mail and I am still here. I should be trying to go home to my country. It is frustrating that no one pay attention to my being incarcerated. Please be of help. Let me call my embassy and know the status of my travel document.

Thank You

Richard Mukwum

---

For Official use only, Do Not Write below this line

Officer:  Date:

Reply: Your application was sent to the embassy. As of 6-6-06 it was supposedly being signed. Your 90 day review was served. Your next review is on 9-5-06

T. VASQ. DPO 6-28-06

9-5

# ICE Inquiry/Form to Ask to Immigration

Name: **RICHARD MUKETE MUKUM**

Other names used: _____

Immigration Number: A#: ~~BB~~ 76952753   Cell Number: B-15

Date of birth: 10-18-65   Country of Birth: CAMEROON

Have you been deported before? Yes   Advised your Consulate? No

Do you have a birth certificate, passport, or documents to travel? Copy of B. cert

If yes, where are the documents? With embassey

Date of when came to the custody of immigration: ~~April~~ March

Place of where you came into the custody of immigration (prison, arrested by immigration in the job): County jail

List all prior criminal offenses, beginning with the but recent: Moral Turpitude

Do you have an attorney? Yes   What is your bond amount? No Bond

Have you been to court? No   If yes, when? _____

Have you been ordered deported from the United States? Yes

Did you appeal your case? No   If yes, when? _____

Do you wish to return to your country of citizenship? Yes

Questions/Comments: Please sir I desparately would like to know about the situation of my travel Document. I will grately appreciate if I can call my embassey also from your office regarding this issue. Thank you.

I have no updated offer 6-7-06 when the embassy said they were still working on it

Signature: Richard Mukum   Date: 08-02-06

MM DIO 8-3-06

*Francisco Hernandez*
*17910 Kelly Blvd. #276*
*Dallas, TX. 75287*
*(972) 307-3035*
*coconut_frank@yahoo.com*

March 10, 2006

Mr. Kingury or
To Whom It May Concern
Rolling Plain Regional Jail
P.O.Box 877
Haskell, TX. 79521

    Let it be known to all or any Authorities, Official Representatives of Authorities, Agencies, Embassies, Dignitaries, Governments, etc., concerning the individual, Richard Mukete Mukum, has contracted with myself and various other contractors in rendering musical services to several restaurants, private parties and establishments over the coarse of four years. Indeed Mr. Mukum has performed on various instruments and rendered vocal arrangements adding to the essence and sound of my Entertainment products and services.

    My name is Francisco Javier Hernandez and I am a Sole Proprietor of a small but successful musical entity known as Coconut Frank based in Dallas, TX. I have performed through out the State of Texas for over five years and will continue to operate until no longer physically or mentally able. Depending on the services that my clients prefer, I contract with individuals and offer musical entertainment. On occasion I perform as a solo Artist while on occasion I render DJ services. I also offer musical services as a band or group of musicians united to perform for my clients. Richard Mukum is contracted by me to perform for my clients side by side with me and various other musicians.

    His services are also invaluable to me in my Music Recording endeavors. From time to time I am contracted to write, compose, and/or arrange music for private individuals who desire to record music under their own identification. Richard Mukum, given his background, heritage, and extensive knowledge on Reggae and African music; I consider him a consultant and guide while I sequence the musical arrangements.

    I would like to continue contracting Richard Mukum for the musical services and products I offer to my clients. His influence adds credibility to my work while his loss would complicate the intricate marketing strategy already in effect. I consider Him to be a great asset and important source of knowledge, talent and inspiration pertaining to my clients needs.

    While the income that I offer Mr. Mukum varies upon assignment I would be happy to offer written form supporting the above Statement which I have made. If there are any concerns or questions that I may be able to remedy please feel free to contact me:
Francisco J Hernanez
a.k.a. Coconut Frank
17910 Kelly Blvd. # 276
Dallas, TX. 75287
(972) 307-3035

Thank You for Your Attention;

Frank Hernandez

Enclosure: A few Places in DFW we have performed at.